IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER ALLEN PUNZO,

    Plaintiff,

v.                                      Case No. 2:20-cv-00744

BETSY JIVIDEN, Commissioner, *et al.*

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Plaintiff's Motion for Preliminary Injunction (ECF No. 3). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Plaintiff's Motion for Preliminary Injunction (ECF No. 3) and further **DISMISS AS MOOT** Plaintiff's claims for declaratory and injunctive relief, but leave this matter referred to the undersigned for additional proceedings concerning Plaintiff's claims for monetary damages.

**PROCEDURAL HISTORY**

    On November 12, 2020, Plaintiff filed a complaint (ECF No. 1) alleging that, following his arrest in West Virginia on a fugitive from justice warrant out of the State of Missouri, he was temporarily incarcerated at the Southwestern Regional Jail ("SWRJ") in

Holden, West Virginia. His complaint alleges that, on October 3, 2020, while being housed in a medical quarantine unit, he suffered an anxiety attack and requested medical treatment. He was taken to an exam room, where he was seen by a nurse. However, after the nurse left the room, a male correctional officer (possibly named Butcher) allegedly threatened Plaintiff with physical violence if he came to medical again. The complaint further alleges that Plaintiff was denied his legal and "religish" (presumed to be religious) materials and that he had to defend himself at a hearing without his legal materials. Plaintiff further complains generally about the conditions of confinement at the SWRJ. However, he does not allege that he suffered any actual injury from any of those conditions.

On November 16, 2020, Plaintiff filed a motion for preliminary injunction (ECF No. 3), in which he requested that all correctional staff at the SWRJ be made to wear nametags and that all of his electronic information on the jail's kiosk system and all video footage from October 2, 2020 through October 11, 2020 for the whole SWRJ facility be preserved. However, on November 30, 2020, Plaintiff provided a notice of change of address (ECF No. 5), indicating that he had been transferred to a correctional facility in Missouri. Based upon his transfer, all forms of declaratory and injunctive relief sought by Plaintiff in this court are now moot.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail*

*Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that any claims for declaratory and injunctive relief made by Plaintiff herein must be denied and dismissed as moot, including his motion for preliminary injunction (ECF No. 3).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Plaintiff's Motion for Preliminary Injunction (ECF No. 3) and his requests for declaratory and injunctive relief made in his complaint (ECF No. 1), but leave this matter referred to the undersigned for additional proceedings concerning Plaintiff's claims for monetary damages asserted therein.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of

this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at his updated address.

May 18, 2021

Dwane L. Tinsley
United States Magistrate Judge