```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**CHRISTOPHER ALLEN PUNZO,**

      Plaintiff,

v.                                                     Civil Action No. 2:20-cv-00744

**BETSY JIVIDEN, Commissioner,**
**Division of Corrections;**
**ADMINISTRATOR (name unknown);**
**TIM KING, Superintendent; and**
**C.O. BUTCHER,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are three motions. First is defendants Betsy Jividen and Tim King's motion to dismiss, filed July 27, 2021. ECF No. 20. Second is defendant C.O. Butcher's motion to dismiss, filed July 29, 2021. ECF No. 22. And third is plaintiff Christopher Allen Punzo's motion for leave to file an amended complaint, filed February 10, 2022. ECF No. 49.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order in this district. On February 11, 2022, the magistrate judge submitted his Proposed Findings and Recommendation ("PF&R"), wherein he recommends "that the [court] deny Defendants' motions to dismiss

with respect to the exhaustion of administrative remedies defense, but grant the motions to dismiss for failure to state a claim upon which relief may be granted against Defendants Jividen, King, and Butcher, deny Plaintiff's proposed motion to amend his complaint, dismiss Defendant Administrator (Name Unknown) pursuant to 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B), and dismiss this civil action from the docket of the court." PF&R 19, ECF No. 53 (emphasis and citations omitted). Punzo objected to the magistrate judge's PF&R on March 3, 2022. Punzo Obj., ECF No. 54.

Federal Rule of Civil Procedure 72(b)(3) provides that, regarding "a pretrial matter dispositive of a claim" decided by the magistrate judge, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See also 28 U.S.C. § 636(b)(1). That is, any part of the magistrate judge's disposition to which a party has "file[d] specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 363(b)(1). Otherwise, the magistrate judge's disposition is reviewed for clear error. Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation."); see also Twisdale v. Paulson, 595 F. Supp. 2d 686, 689 (S.D. W. Va. 2009).

For non-dispositive matters decided by the magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The court reads Punzo's filing as stating three objections to the PF&R. See Quinones-Cedeno v. Rickard, No. 1:19-00064, 2020 WL 3047366, at *2 (S.D. W. Va. June 8, 2020) (stating that pro se objections to a PF&R should be broadly read but nevertheless responsive to the PF&R's reasoning).

First, Punzo objects to the sua sponte dismissal of the unknown defendant Administrator. See Punzo Obj. The magistrate judge reasoned that Administrator was "a misnomer and redundant of Plaintiff's naming of Tim King, the Superintendent of [the jail], as a defendant." PF&R 3 n.1. Punzo responds that Administrator is not defendant Tim King, but rather is an unknown shift commander who oversees the jail's daily operations. See Punzo Obj. Punzo's objection, however, does not remediate the claim. Punzo does not allege that the shift commander committed or knew of any wrongdoing. See id.; see also Compl., ECF No. 1. To the extent Punzo seeks respondeat

3

superior liability, such liability is impermissible under a Section 1983 claim. Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017). Punzo's first objection is overruled.

Second, Punzo concedes that defendant C.O. Butcher caused him no "actual injury" other than mental distress when C.O. Butcher allegedly threatened to "put knots on [his] head" if he sought medical attention again. See Punzo Obj; Compl. But Punzo insists that mental distress alone is enough to state a viable Section 1983 claim for cruel and unusual punishment under the Eighth Amendment. See Punzo Obj. In support, Punzo cites Ivey v. Wilson, 832 F.2d 950 (6th Cir. 1987). That case, however, holds just the opposite. In Ivey, the Sixth Circuit found that "verbal abuse or harassment or arbitrariness" do not constitute a "punishment" that could invoke an Eighth Amendment protection. Id. at 954-55; see also Johnson v. Unknown Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004) ("We have held that harassment and verbal abuse, such as [the plaintiff] has described, do not constitute the type of infliction of pain that the Eighth Amendment prohibits."); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."). Punzo's second objection is overruled.

Third, Punzo appears to contend that the magistrate judge did not construe his pleadings with enough leniency, including his request for leave to amend his complaint. See Punzo Obj. It is true that "[p]ro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints." Cosner v. Thistlewait, 2020 WL 5801082, at *3 (S.D. W. Va. Sept. 29, 2020). However, a pro se complaint must still "contain enough facts to state a claim for relief that is plausible on its face," id. (quoting Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)), and a court cannot take the "special judicial solicitude" toward pro se filings so far that the court "transform[s itself] into an advocate" for the pro se litigant, West Virginia v. Ziegler, 2020 WL 443984, at *4 (S.D. W. Va. Jan. 28, 2020) (quoting United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012)). Punzo's filings, including his complaint and proposed amendments, fail to allege enough factual matter that, liberally construed, could state a cognizable claim under the Eighth Amendment or otherwise. Punzo's third objection is overruled.[1]

---

[1] Punzo also appears to challenge the magistrate judge's November 16, 2021, decision to grant the defendants a protective order staying discovery pending resolution of the defendants' motions to dismiss. See Punzo Obj.; Protective Order, ECF No. 37. Under Rule 72(a), Punzo had fourteen days after service of a

Accordingly, based upon the foregoing, it is ORDERED that:

1. The PF&R be, and hereby is, adopted and incorporated herein;

2. Defendants Betsy Jividen and Tim King's motion to dismiss be, and hereby is, granted;

3. Defendant C.O. Butcher's motion to dismiss be, and hereby is, granted;

4. Punzo's claims against defendants Betsy Jividen, Tim King, and C.O. Butcher be, and hereby are, dismissed for failure to state a claim upon which relief can be granted;

5. Punzo's claim against defendant Administrator (name unknown) be, and hereby is, dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B);

6. Punzo's motion for leave to file an amended complaint be, and hereby is, denied; and

---

copy of that decision to object. Fed. R. Civ. P. 72(a). Punzo did not file a timely objection and thus waived any challenge to the order. Id. ("A party may not assign as error a defect in the order not timely objected to.")

7.  This action be, and hereby is, dismissed and stricken from the docket of the court.

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

                                      ENTER: March 10, 2022

                                      John T. Copenhaver, Jr.
                                      Senior United States District Judge